# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CATHY JACOBS

**DEFENDANTS**
PEDIA MANOR

**(b)** County of Residence of First Listed Plaintiff: BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: BUCKS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MARK D. LADERMAN, ESQUIRE
KAMENSKY COHEN & RIECHELSON
194 SOUTH BROAD STREET
TRENTON, NEW JERSEY 08608
(609) 394-8585

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e et seq. (Title VII)
Brief description of cause:
Employment Discrimination - Sexual harassment, Age Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/1/15
SIGNATURE OF ATTORNEY OF RECORD: *Mark D. L.*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1613 Hilltown Pike, Hilltown PA 18927

Address of Defendant: 6095 Durham Rd, Pipersville PA 18947

Place of Accident, Incident or Transaction: Pipersville, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Mark D. Laderman, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/1/15     _____     201153
                    Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/1/15     _____     201153
                    Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Cathy Jacobs                                : CIVIL ACTION
            v.                              :
Redia Manor                                 : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

5/1/15              Mark D. Laderman           Cathy Jacobs
**Date**            **Attorney-at-law**        **Attorney for** Plaintiff

(609) 394-8585      (609) 394-8620             mladerman@kcrlawfirm.com
**Telephone**       **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

Law Offices Of
**KAMENSKY ◆ COHEN & RIECHELSON**
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY JACOBS, <br><br> Plaintiff, <br><br> vs. <br><br> PEDIA MANOR, <br><br> Defendant. | JURY TRIAL DEMAND <br><br> COMPLAINT |

Plaintiff, Cathy Jacobs, residing at 1613 Hilltown Pike, Hilltown, Pennsylvania 18927, by way of complaint, says:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4).

2. The jurisdiction of this Court is also specifically invoked under the provisions of 42 U.S.C. § 2000e-(f)(3) because this action is filed to obtain compensatory and punitive damages for sex discrimination by an employer, in violation of federal civil rights laws. The jurisdiction of this Court is also specifically invoked under the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq.

1

3. Plaintiff commenced this action within ninety days after receipt of her Right to Sue Letter from the Equal Employment Opportunity Commission. A copy of the Right to Sue Letter is attached as Exhibit A.

4. The Court has jurisdiction under 28 U.S.C. § 1367 through the principles of pendent jurisdiction for state law claims, namely the Pennsylvania Human Relations Act (PHRA), 43 P.S.§§ 951 *et seq* and such other common law claims.

5. The venue of this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is Cathy Jacobs, who is an individual citizen of the Commonwealth of Pennsylvania residing at 1613 Hilltown Pike, Hilltown, Pennsylvania 18927. At all relevant times hereto, Plaintiff was an "employee" of Defendant as such term is defined in Title VII of the Civil Rights Act and the PHRA and an "individual" or "person" as such term is defined in the ADEA.

7. Defendant, Pedia Manor, is a business operating at all relevant times in the Commonwealth of Pennsylvania operating at 6095 Durham Road, Pipersville, Pennsylvania 18947. It is an "employer" under 42 U.S.C. § 2000e(b) in that it is engaged in an industry affecting commerce and it has had at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year. Further, it is an "employer" under the ADEA, 29 U.S.C. § 630(b), in that it is engaged in an industry affecting commerce and it has had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding

calendar year. Further, it is an "employer" under 43 P.S. § 954(b) in that it employs four or more persons within the Commonwealth of Pennsylvania.

8. Defendant employed Plaintiff in this judicial district.

## FACTS

9. Plaintiff was employed with Defendant for approximately eight years as a nurse.

10. At all times relevant herein, Plaintiff performed her job competently.

11. Plaintiff belongs to a protected class as she is over the age of forty, with a date of birth of October 21, 1963.

12. Plaintiff belongs to a protected class as she is female.

13. On or about September 2011, Plaintiff became aware that the Defendant newly promoted four nurses to the position of House Manager.

14. The Defendant never posted for the promotions. Plaintiff became aware of the positions after the Defendant announced that four employees were promoted.

15. The successful candidates were Trish Rivera (age 26), Lauren B. (age 26), Steph Unrue (age 35), and Sherry Kaneman (age 35).

16. Plaintiff was as qualified or more qualified than the successful candidates because of her education, experience, and work history.

17. Plaintiff was subjected to a continuing course of sexual harassment including but not limited to the following.

    a. On approximately September 13, 2011, Dinesh Singh, a male co-owner of Defendant, put his arm around Plaintiff's upper back below her shoulder to "chat"

and his arm was so far around her back that his hand was touching the side of her right breast.

    b.    On approximately October 8, 2011, as Plaintiff was in the medication closet pouring medications, Dinesh Singh came up behind her and put his hands on her waist and said, "my wife will tell you I like women with meat on their bones."

    c.    Dinesh Singh would regularly refer to female employees as "babe."

18. The harassment was severe or pervasive as the comments and physical touching was not welcomed and was consistently rebuffed.

19. As a result of the conduct, Plaintiff was detrimentally affected as she suffered the following, including, but not limited to anxiety, depression and embarrassment.

20. Upon information and belief, other female employees have been sexually harassed by Mr. Singh.

21. Plaintiff was paid $23.00 per hour by Defendant.

22. Other male employees, including but not limited to Justin McCurry, were paid more for performing the same work.

23. Plaintiff and Mr. McCurry's job assignments were substantially equal with respect to skill, effort, and responsibility.

24. On occasion, male employees were permitted to violate rules whereas female employees would be disciplined for such rule violations.

25. Plaintiff filed a complaint with the Equal Employment Opportunity Commission and concurrently filed with the Pennsylvania Human Relations Commission regarding Defendant's actions.

26. Defendant and their agents by their discrimination have caused Plaintiff lost pay and benefits, physical injury, mental anguish, embarrassment and humiliation.

## COUNT I (VIOLATION OF THE ADEA)

27. Plaintiff incorporates the above paragraphs as if fully rewritten herein.

28. Plaintiff was denied the promotion to House Manager as a direct result of her age.

29. By and through the course of conduct described herein, Defendant has engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, and discriminated against Plaintiff because of her age.

30. These practices have caused Plaintiff to be constructively discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities

31. As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

32. Defendant willfully violated the terms of the ADEA in that its employees, acting at all times within the scope of their employment, knew or showed reckless disregard for whether their conduct was prohibited by the ADEA and violated Plaintiff's rights thereunder.

**WHEREFORE,** Plaintiff, Cathy Jacobs, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Age Discrimination in Employment Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; liquidated and/or double damages for Defendant's willful violation of the ADEA, pursuant to 29 U.S.C. § 626(b), punitive damages; counsel fees, costs, and interest.

### COUNT II (VIOLATION OF THE PHRA)

33. Plaintiff incorporates the above paragraphs as if fully rewritten herein.
34. By and through the course of conduct described herein, Defendant violated 43 P.S.§§ 951 et seq. by discriminating against Plaintiff because of her age.
35. These practices have caused Plaintiff to be constructively discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.
36. As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Cathy Jacobs, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Pennsylvania Human Relations Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and

fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; counsel fees, costs, and interest.

### COUNT III (SEX DISCRIMINATION UNDER FEDERAL LAW)

37. Plaintiff incorporates the above paragraphs as if fully rewritten herein.

38. Plaintiff performed the duties and responsibilities of her employment with Defendant in a professional and lawful manner.

39. Plaintiff has been discriminated against and harassed because of her sex, female, and subjected to an overall sexually hostile environment in violation of 42 U.S.C. §§ 2000e *et seq.*

40. The above-referenced harassment would not have occurred but for Plaintiff's sex.

41. The harassment was severe and pervasive, such that a reasonable female individual would believe that the conditions of employment were altered and the working environment was hostile and abusive.

42. As a direct result of Plaintiff's sex, Defendant constructively discharged Plaintiff and caused her to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, medical expenses, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

43. By and through the course of conduct described herein, Defendant violated 42 U.S.C. §§ 2000e *et seq.* by harassing Plaintiff due to her sex and subjecting her to a hostile work

environment, denying her equal terms and conditions of employment, and constructively discharging her because of her sex.

44. Said actions on the part of the Defendant caused Plaintiff to be constructively discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

45. As a further result of the acts of Defendants, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Cathy Jacobs, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Title VII of the Civil Rights Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; punitive damages; counsel fees, costs, and interest.

## COUNT IV (SEX DISCRIMINATION IN VIOLATION OF THE PHRA)

46. Plaintiff incorporates the above paragraphs as if fully rewritten herein.

47. By and through the course of conduct described herein, Defendant violated 43 P.S.§§ 951 et seq. by discriminating against Plaintiff because of her sex.

48. These practices have caused Plaintiff to be constructively discharged and suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future

benefits, loss of earning capacity, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

49. As a further result of the acts of Defendant, Plaintiff has incurred substantial damages and costs and will be obligated to incur such expenses in the future.

**WHEREFORE,** Plaintiff, Cathy Jacobs, respectfully requests all relief that is just and equitable, including, but not limited to an Order declaring that Defendant has violated the Pennsylvania Human Relations Act and requiring them to take appropriate action to end discrimination in the workplace; reinstatement; compensatory damages for loss of wages and fringe benefits, front pay, back pay, future benefits and loss of earning capacity; damages for emotional and physical distress, damage to reputation, as well as pain and humiliation; counsel fees, costs, and interest.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues.

                Law Offices of
                **KAMENSKY ◆ COHEN & RIECHELSON**

BY: _/s/ Mark D. Laderman_
            MARK D. LADERMAN, ESQUIRE
            194 South Broad Street
            Trenton, New Jersey 08608
            (609) 394-8585

Dated: 4/30/15

*Exhibit A*

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Cathy Jacobs
1613 Hilltown Pike
Hilltown, PA 18927

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2012-60583 | Legal Unit | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

2/2/15
(Date Mailed)

Enclosures(s)

cc:  PEDIA MANOR
Christine Lombardo-Zaun
Attorney at Law
5340 Schantz Road
Allentown, PA 18104

David M. Koller
Koller Law PC
2043 Locust Str Suite 1B
Philadelphia, PA 19103

Attn mark Laderman